CADWALLADER *et al.*, Appellants, v. CADWALLADER, Respondents.

1. Where the evidence in a cause is oral the Supreme Court will be less inclined to disturb a finding of the facts than in a case where the evidence is documentary.
2. Where a suit is brought for foreclosure of a mortgage the administrator of the mortgagor, being a party thereto, should defend the suit; his omission to defend the suit would not, however, raise a presumption of fraud.

*Appeal from Jefferson Circuit Court.*

*Noell,* for appellant.

I. The evidence does not sustain the finding.

*Frissell,* for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

This case was commenced under the act of 1849, and was tried by the court without a jury. The object of the suit was to set aside a judgment of foreclosure of a mortgage and the execution sale under it, on the ground that the judgment was obtained by fraud. The whole case turns on the integrity of the judgment, and all the other questions of fact are dependent on it and collateral to it; and whether there were errors of calculation or mere irregularities is immaterial unless the main fact was established. The defendant stood in court with the note, mortgage deed, and judgment, all regular on their face, and being entitled to the usual presumptions that the law raises from the possession of such instruments, the burden of proof rested on the plaintiffs.

The testimony of one witness introduced by the plaintiffs, the mortgagor's widow, was direct and positive to the point that the mortgage debt had been fully paid and satisfied during her husband's lifetime, and that she derived that information from the mortgagee. She also stated that the fact was well known and had been spoken of in the family. But there was other evidence in the cause, and the conduct of the

heirs was inconsistent with the hypothesis of the amended petition. The original petition did not assert that the debt had been paid, and, though it alleged that the proceedings of foreclosure were fraudulent, it did not indicate in what particular, and it did not proceed on the theory that the mortgage had been satisfied, for it prayed that the plaintiff might be permitted to redeem upon the payment of the amount due on the mortgage. To say the least, the evidence was conflicting.

If the testimony in a cause is documentary, this court could pass on its effect, and might decide the case according to the weight of evidence; but when a cause turns on parol evidence, which must be considered in reference to the age, memory, means of knowledge and bearing of witnesses on the stand, we are inclined to defer to the judgment of the court that tried the case, unless it is manifestly wrong; and we can not say that the finding of the court in this case was unsupported by the proof.

The conduct of the administrator, in not defending the action to foreclose the mortgage, was improper. He ought to have required of the plaintiff the fullest proof. But we are not prepared to say that this omission of duty either implied fraud in fact or stamped the transaction as a fraud in law. The other judges concurring, the judgment will be affirmed.